UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STATE OF ILLINOIS *ex rel.* ZEB MILLER, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 3:22-cv-00501-GCS<br>) |
| AMERICAN NATIONAL INSURANCE COMPANY; STANDARD LIFE & ACCIDENT INSURANCE CO.; AMERICAN NATIONAL LIFE INSURANCE COMPANY OF TEXAS; and GARDEN STATE LIFE INSURANCE CO., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Zeb Miller, a former employee of one of the Defendants, first brought suit on behalf of the State of Illinois against Defendants under the Illinois False Claims Act, 740 ILL. COMP. STAT. §§ 175/1 through 175/8 ("IFCA") in the Circuit Court of Madison County, Illinois on November 2, 2020. (Doc. 1-2). Plaintiff alleged on behalf of the State of Illinois that Defendants – an affiliated group of insurance companies – defrauded the State of Illinois of millions of premium tax revenue that Defendants owed to the state. *Id.* Defendants provide stop-loss insurance to employers for the self-funded employee welfare benefit plans sponsored by employers in Illinois. *Id.* These self-funded employee benefit plans are governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"). *Id.* Defendants are obligated to pay an annual state

privilege tax on the premiums collected from these employers. *Id*. In the complaint, Plaintiff alleges that Defendants failed to report their stop-loss premiums and failed to pay the required privilege tax to the State of Illinois. *Id*.

Defendants American National Insurance Company, Standard Life & Accident Insurance Co., American National Life Insurance Company of Texas, and Garden State Life Insurance Co. ("Defendants") filed a notice of removal on March 10, 2022, alleging that Plaintiff's claim was a civil action over which the District Court has subject matter jurisdiction as a result of the claim being a federal question, pursuant to 28 U.S.C. § 1331. (Doc. 1). Defendants claimed that because the stop-loss coverage involved ERISA-governed plans, Plaintiff's action to enforce the privilege tax against them is completely preempted by ERISA. *Id*. The case was thereafter removed from Madison County, Illinois to the United States District Court for the Southern District of Illinois.

Plaintiff filed a motion to remand the case to the Circuit Court of Madison County, Illinois, on March 14, 2022. (Doc. 6). In his motion to remand, Plaintiff states that the District Court lacks subject matter jurisdiction and that ERISA does not preempt his IFCA claim against Defendants for their failure to pay Illinois privilege taxes for two reasons: (1) Plaintiff's IFCA claim does not relate to an ERISA employee benefit plan, and (2) even if the claim did relate to such a benefit plan, the claim still falls within ERISA's "savings clause", 29 U.S.C. § 1144(b)(2)(A), which provides that state laws that regulate insurance are not preempted. *Id*.

Defendants filed their response in opposition to Plaintiff's motion to remand on April 13, 2022, alleging again that ERISA preemption is a federal question and should

therefore remain in federal court. (Doc. 16). They argue that Plaintiff's IFCA claim fulfills the requirements for ERISA preemption because the claim does relate to the administration of self-funded ERISA-governed plans and is connected with the administration of these self-funded plans. *Id*. Regarding the savings clause, Defendants argue that the privilege tax is not saved from preemption. *Id*.

Due to the somewhat complex issues presented by the motion to remand, the Court held a hearing on the motion on July 28, 2022. (Doc. 29). After hearing the argument of the parties, the Court also ordered the parties to submit post-hearing briefs on the matter. The parties filed those briefs on August 29, 2022. (Doc. 31, 32). Having considered the arguments of the parties, Plaintiff's motion is **GRANTED.**

## DISCUSSION

The removal statute, 28 U.S.C. § 1441, is construed narrowly and doubts concerning removal are resolved in favor of remand. *See Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Defendants bear the burden to present evidence of federal jurisdiction once the existence of that jurisdiction is fairly cast into doubt. *See In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997), abrogated on other grounds by *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474 n.2 (1998). "A defendant meets this burden by supporting [its] allegations of jurisdiction with 'competent proof,' which in [the Seventh Circuit] requires the defendant to offer evidence which proves 'to a reasonable probability that jurisdiction exists.'" *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997) (citations omitted). However, if the

district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to 28 U.S.C. § 1447(c).

**A.     The Court lacks diversity jurisdiction.**

Even though the Defendants did not raise diversity jurisdiction as a basis for removal, it was briefly addressed by the Plaintiff in his motion to remand (Doc. 6, p. 3-4), so the Court will proceed to address it. The statute regarding diversity jurisdiction, 28 U.S.C. § 1332, requires complete diversity between the parties plus an amount in controversy which exceeds $75,000, exclusive of interest and costs. Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted). The status of the case as disclosed by a plaintiff's complaint is controlling on the issue as to whether the case is removable. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938). When the amount in controversy is at issue, if the face of the complaint establishes that the suit cannot involve the necessary amount, the case should be remanded. *Id.* at 291-292. "Accepted wisdom" provides that a plaintiff's evaluation of the stakes must be respected when deciding whether a claim meets the amount in controversy requirement for federal diversity jurisdiction. *Barbers, Hairstyling for Men & Women, Inc. v. Bishop*, 132 F.3d 1203, 1205 (7th Cir. 1997) (citing *St. Paul Mercury*, 303 U.S. at 289). However, a plaintiff "'may not manipulate the process' to defeat federal jurisdiction and force a remand once the case has been properly removed." *Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993) (citations omitted).

Plaintiff argues that the Court lacks diversity jurisdiction because the State of Illinois is a real party in interest to the lawsuit, even though it has not intervened in the case. (Doc. 6, p. 3). Plaintiff reasons that the instant lawsuit is akin to a *qui tam* lawsuit in that it is brought under the IFCA to recover moneys owed to the State of Illinois. As such, the State of Illinois is a real party in interest to the case. Because "a state is not considered a citizen of any state for purposes of diversity jurisdiction[,] [] there can be no diversity jurisdiction when a state is a real party in interest to a lawsuit." *People of the State of Illinois v. Kerr-McGee Chemical Corp.*, 677 F.2d 571, 575 n.5 (7th Cir. 1982)(citing *State Highway Comm'n v. Utah Constr. Co.*, 278 U.S. 194, 200 (1929)). In support of this proposition, Plaintiff cites to district court cases where the court has remanded the case back to state court for lack of jurisdiction in *qui tam* cases, even though the State had not yet intervened. *See, e.g.,. Harmeyer v. Kroger Co.*, No. 1:17-cv-00538-JMS-DML, 2017 WL 2544111, at *4 (S.D. Ind. June 13, 2017)(remanding case because State of Indiana was a real party in interest in *qui tam* case and holding that there was no diversity jurisdiction as a result); *State of New Mexico ex rel. National Education Assoc. of New Mexico, Inc. v. Austin Capital Management Ltd.*, 671 F. Supp. 2d 1248, 1253 (D. N.M. 2009)(remanding case because there was no basis for diversity jurisdiction given that the state was a real party in interest in *qui tam* case, even though it was not formally a party under the federal rules).

The Defendants did not address this argument in their initial opposition to the motion to remand or in their post-hearing brief. Having reviewed the cases cited by the Plaintiff, the Court finds that this is a correct recitation of the law. The instant matter is

akin to a *qui tam* case where the State of Illinois is arguably the real party in interest. This is because the instant lawsuit seeks to recover moneys owed to the State of Illinois in the form of unpaid privilege taxes. The law is well settled that "a state is not a citizen . . . and that a court will only have jurisdiction over a suit between a state and a citizen if it "arises under the Constitution, laws or treaties of the United States." *State Highway Comm'n v. Utah Constr. Co.*, 278 U.S. 194, 200 (1929) (internal quotations and citations omitted). Accordingly, the Court cannot exercise jurisdiction over this case on the basis of diversity jurisdiction.

**B.    The Court lacks federal question jurisdiction.**

District courts have original jurisdiction over cases concerning a "federal question," that is, cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In determining federal jurisdiction, the court generally first reviews the plaintiff's complaint, because "[i]t is a long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (citations omitted).

The inquiry into preemption must begin with what Congress has said on the subject. *See FMC Corp. v. Holliday*, 498 U.S. 52, 56–57 (1990). "Three provisions of ERISA speak expressly to the question of pre-emption." *Id.* at 57. These include: (1) the preemption clause, which states that "except as provided in [the savings clause]," the provisions of ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan," (29 U.S.C. § 1144(a)); (2) the savings clause, which states that "except as provided in [the deemer clause], nothing in this subchapter

shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities." (29 U.S.C. § 1144(b)(2)(A)); and (3) the deemer clause, which states that "[n]either an employee benefit plan . . . nor any trust established under such a plan, shall be deemed to be an insurance company, or other insurer, bank, trust company, or investment company or to be engaged in the business of insurance or banking for purposes of any law of any State purporting to regulate insurance companies, insurance contracts, banks, trust companies, or investment companies." (29 U.S.C. § 1144(b)(2)(B)). *Holliday*, 498 U.S. at 57–58.

In the initial briefing before the Court, the parties focused primarily on these aforementioned provisions. Specifically, the parties argued over whether Plaintiff's IFCA claim related to an employee benefit plan under the preemption clause and whether the savings clause applied. The vast majority of the arguments at the hearing, as well as the post-hearing briefs, likewise focused on the applicability or inapplicability of these two clauses. Despite the parties' primary focus on these issues, however, the Court finds that it need not express an opinion on the applicability of these clauses, as the remand issue can be resolved on other grounds.

There are two kinds of ERISA preemption: complete preemption and conflict preemption. *See Halperin v. Richards*, 7 F.4th 534, 540 (7th Cir. 2021); *Speciale v. Seybold*, 147 F.3d 612, 614 (7th Cir. 1998), cert. denied, 119 S.Ct. 542 (1998); *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1487 (7th Cir. 1996); *Rice v. Panchal*, 65 F.3d 637, 639 (7th Cir. 1995). "In enacting ERISA, Congress included two distinct and powerful preemption provisions: complete preemption under ERISA § 502, 29 U.S.C. § 1132, and conflict

preemption under ERISA § 514, 29 U.S.C. § 1144." *Halperin*, 7 F.4th at 540. In comparison to complete preemption, which supports a basis for federal subject matter jurisdiction, conflict preemption, while it does serve as a defense to a state law action, does not confer federal subject matter jurisdiction. *See Speciale*, 147 F.3d at 615. In *Rice*, the Seventh Circuit made clear regarding federal question jurisdiction that "it is long-settled law that a cause of action arises under federal law only when the plaintiff's well pleaded complaint raises issues of federal law." *Rice*, 65 F.3d at 639 (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)). However, "[t]he presence of a federal question . . . in a *defensive argument* does not overcome the paramount policies in the well-pleaded complaint rule—that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Id*. at 639 (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-399 (1987) (emphasis supplied). In other words, federal preemption that merely serves as a defense to a state law action, or conflict preemption, does not confer federal question jurisdiction, and "the defendant cannot cause a transfer to federal court simply by asserting a federal question in his responsive pleading." *Id*. Thus, as the Seventh Circuit summarizes in *Rice*, "complete preemption under § 502(a) [29 U.S.C. § 1132] creates federal question jurisdiction whereas conflict preemption under § 514(a) [29 U.S.C. § 1144] does not." *Id*. at 640.

Here, the Defendants' preemption arguments are focused on the notion that Plaintiff's IFCA claims relate to an ERISA plan and its administration and thus should be preempted. In doing so, however, it is clear that the Defendants are operating under the

conflict preemption provisions pursuant to 29 U.S.C. § 1144, as opposed to the complete preemption provisions under 29 U.S.C. § 1132. The latter provisions are an exception to the well-pleaded complaint rule because "Congress intended 'to make all suits that are cognizable under ERISA's civil enforcement provisions federal question suits.'" *Jass*, 88 F.3d at 1487 (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987)). While the conflict preemption provisions of Section 1144 may serve as a defense to Plaintiff's IFCA claim, it does not serve as a basis for federal jurisdiction. *See, e.g.*, *Speciale*, 147 F.3d at 615 (holding that conflict preemption preempts any state law that may relate to an ERISA plan but is not a basis for federal jurisdiction). Accordingly, the Court has no basis to exercise federal question jurisdiction and remand is required.

C.     **Plaintiff's request for an award of costs and fees.**

In his motion to remand, Plaintiff also requested an award of costs and fees associated with the motion under 28 U.S.C. § 1447(c). (Doc. 6).  Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). An award of fees may be made "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141(2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* In laying out this rule, the Supreme Court noted that "[t]he appropriate test . . . should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress'

basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140.

Plaintiff argued that an award of costs and fees was appropriate because of settled U.S. Supreme Court precedent indicating that ERISA does not preempt generally applicable tax laws, as well as the unambiguous language of the insurance savings clause. (Doc. 6, p. 8). In the briefing and at oral argument, however, the Defendants relied on a very narrow exception outlined in dicta by the U.S. Supreme Court in *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645 (1993). The exception focused on the conflict preemption provisions of Section 1144 which note that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). The U.S. Supreme Court noted that a state law could have such an acute economic effect so as to directly impact a plan's administrative choices, and thus could potentially be preempted. *Travelers*, 514 U.S. at 668. These points were again reiterated by the Defendants in their post-hearing briefing.

The Court's decision to remand this case, however, ultimately turns on the distinction between complete preemption and conflict preemption. While the Seventh Circuit has laid out this distinction in its prior jurisprudence, it should be noted that neither side argued this point in its initial briefing before the Court and at oral argument. Instead, the parties focused on whether Plaintiff's IFCA claim related to an ERISA plan within the meaning of Section 1144. It was only in the post-hearing briefing that this distinction was addressed. The Court's review of the prevailing jurisprudence also reveals that there was great confusion between complete preemption and conflict

preemption, which required the Seventh Circuit to clarify this distinction. *See Jass*, 88 F.3d at 1487. As such, it is understandable how the parties and the Court initially missed this distinction. In the final analysis, based on the Defendants' initial arguments in support of remand, the Court finds that the Defendants did have an objectively reasonable basis to file a motion to remand based on their reading of the Supreme Court's dicta in *Travelers*. While the conflict and complete preemption distinction was missed, the Court does not believe that it amounts to the type of conduct that seeks to prolong the litigation and impose costs on the other side, which an award of fees and costs is designed to ameliorate. For these reasons, Plaintiff's request for an award of costs and fees is denied.

## Conclusion

For the above-stated reasons, Plaintiff's motion to remand (Doc. 6) is **GRANTED,** and the case is hereby remanded to the Circuit Court of Madison County, Illinois. Plaintiff's request for an award of costs and fees associated with the instant motion is **DENIED**. The status conference currently set for November 1, 2022, at 11:00 a.m. is hereby **VACATED**. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

**DATED: October 31, 2022.**

Digitally signed by Judge Sison 2
Date: 2022.10.31 11:28:54 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**